## Johnson's Admr v. Gordon, et al.

(Decided November 15, 1911.)

Appeal from Fayette Circuit Court.

Husband and Wife—Death of Husband—Land Owned by Wife— interest of Husband.—In an action against the purchaser of property at a decretal sale owned by Johnson and wife, the husband having died and the court having refused to revive the action in the name of his heirs or personal representatives upon the ground that if he had any interest as tenant by the curtesy, his death, in view of his wife having survived him, terminated such interest. Held, That the ruling of the lower court was correct

R. S. CRAWFORD for appellant.

FALCONER & FALCONER for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In 1897 Bush and Curran brought suit in the court below for the enforcement of a mechanic's lien upon a house and lot in the City of Lexington, owned by the appellant, Elizabeth M. Johnson. She, her husband, J. Fletcher Johnson, and the National Building and Loan

Association, were made defendants. The National Building and Loan Association held a $4,000.00 mortgage lien upon the property, long overdue, which it was called on to assert. Its answer setting up the mortgage lien and praying its enforcement was made a counterclaim and cross-petition against Bush and Curran and also against Johnson and wife. Mrs. Johnson was duly summoned on both the petition and cross-petition, but her husband, J. Fletcher Johnson, being at that time a non-resident of the State, was only constructively summoned, having been proceeded against by warning order and the appointment of an attorney to defend for him, who made the necessary report.

Elizabeth M. Johnson owned in her own right the property upon which the liens were asserted. The debts were of her creation, and her husband joined with her in executing the mortgage to the National Building and Loan Association.

At a subsequent term of the court Elizabeth M. Johnson filed a demurrer to the petition of Bush and Curran and the answer and cross-petition of the National Building and Loan Association, which the court overruled. She made no further defense and judgment was rendered enforcing the liens upon the property and directing its sale, first to satisfy the mortgage debt of the National Building and Loan Association, and next the lien debt of Bush and Curran.

Mrs. Johnson became the purchaser of the property at the decretal sale, but filed exceptions to the report of sale and refused to execute the bonds required by the judgment. The exceptions were overruled, but on account of her refusal to execute the sale bonds, the property was resold by order of the court and the National Building and Loan Association became the purchaser. Mrs. Johnson again filed exceptions to the report of sale and for the first time offered to file an answer and counterclaim in which it was charged that the mortgage debt of the National Building and Loan Association contained usury in a large amount for which she should be given credit.

The court refused to allow the answer to be filed and overruled her exceptions to the report of sale. She thereupon prosecuted an appeal from the judgment of the circuit court, to this court, which held that no error was committed by the circuit court in overruling the exception to the sale and ordering a resale of the property,

but that Mrs. Johnson's answer as to the charge of usury in the debt of the National Building and Loan Association should have been filed, and credit given her for whatever usury was shown, therefore, the judgment was reversed only as to the question of usury. (Johnson v. Bush and Curran, 23 R., 1003-1399.)

Upon the return of the case to the circuit court, Mrs. Johnson took no steps to have the debt of the National Building and Loan Association purged of the usury it was alleged to contain, and has, in fact, never done so.

After its purchase of the property at the last decretal sale and receiving a deed therefor, the National Building and Loan Association sold and conveyed it to A. N. Gordon, who was immediately put in possession thereof. Several years thereafter, but within the five years allowed by section 414, Civil Code, J. Fletcher Johnson, the husband of Elizabeth M. Johnson, offered to file in the case his petition, at the same time executing a bond required by the section, supra, of a non-resident in such case, and demanding a retrial of the case as to him.

In his petition, which was styled an amended answer and counterclaim on behalf of himself and wife, averments were made as to the usury embraced in the debt of the National Building and Loan Association, and asking credit therefor and also asking that the sale of the property to the National Building and Loan Association be set aside. The pleading in question based J. Fletcher Johnson's right to the relief asked upon the ground that he owned an interest in the property as tenant by the curtesy, his marriage to Elizabeth M. Johnson, having, as alleged, occurred before the enactment of the Weissinger law, and there having been issue born alive of the marriage. The circuit court refused to allow the pleading to be filed, and no further steps were taken in the case by J. Fletcher Johnson until he attempted a year or two later to file an amended petition, answer and counterclaim in the case, which was done by leaving the pleading with the clerk of the court without notice to the opposite parties, or their counsel. When the attention of the court was called to this amended pleading it struck the same from file.

In the meantime, and before this ruling was made, J. Fletcher Johnson and his wife instituted an action against A. N. Gordon for the recovery of the property previously sold at the decretal sale. After Gordon had

filed answer therein, the cause was consolidated with the old, or present action, and the order by which the circuit court struck the amended pleading of J. Fletcher Johnson from the files, also dismissed the action against Gordon. Before this order was entered, however, J. Fletcher Johnson died, and the circuit court refused to allow the actions, or either of them, to be revived in the name of his personal representative or heirs, upon the ground that if he had any interest in the property in question as tenant by the curtesy, his death, in view of his wife having survived him, terminated such interest. From the several orders referred to, Mrs. Johnson in her own right and as administratrix of the estate of her husband, has appealed.

We find no error in the orders or judgment complained of. It is useless to consider what the rights of J. Fletcher Johnson were in the property as tenant by the curtesy, for if he was not barred of such interest by joining his wife in the mortgage to the National Building and Loan Association and the subsequent judgment directing the sale of the property, it was certainly terminated by his death before that of his wife. This makes it unnecessary for us to decide whether his execution of the bond under section 414, Civil Code, entitled him as a non-resident to a retrial of the case, and certainly his personal representative can have no right since his death.

As to the attitude of Mrs. Johnson in the case, it is sufficient to say that the rights attempted to be asserted by her are barred by the original judgment directing a sale of the property and by her laches, after the reversal of so much of the judgment as refused her credit by the usury embraced in The National Building and Loan Association's debt, in failing to take such steps as were necessary under the opinion of this court to purge the debt of such usury.

The judgment is, therefore, affirmed.